IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA PETTWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 08-0618-KD-M |
| ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, *et al*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This action is before the Court on the document captioned "Rescinding Stipulation of Dismissal - - TransUnion LLC" filed by plaintiff Paula Pettway (docs. 79, 87),[1] and the motion for enforcement of settlement agreement filed by TransUnion LLC (doc. 88). Upon consideration and for the reasons set forth herein, the joint stipulation of dismissal is withdrawn and the motion for enforcement of settlement agreement is denied for lack of jurisdiction. This action shall continue as to TransUnion. By separate order, the Court will set a briefing schedule for dispositive motions.

Previously, Pettway and TransUnion jointly stipulated that no issues remained between them and stipulated to dismissal with prejudice. Because all parties to the action had not signed the stipulation, this Court entered an order whereby TransUnion, LLC, would be dismissed with prejudice unless an objection was filed. Pettway then filed a withdrawal of the joint stipulation

---

[1] The Court notes that Pettway is proceeding *pro se* in this action. Therefore, documents filed with the court will be given a liberal construction in the interest of justice. See FED. R. CIV. P. 8(f) "All pleadings shall be so construed as to do substantial justice."; Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir.2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quotations omitted), cert. denied, 549 U.S. 1323, 127 S.Ct. 1908 (2007).

and rescission of the underlying settlement agreement, both based on concerns regarding the execution of settlement documents. In response, TransUnion filed its motion for enforcement of the underlying settlement agreement.

Pettway and TransUnion do not cite to any rule in the joint stipulation for dismissal. Rule 41 of the Federal Rules of Civil Procedure provides two methods for voluntary dismissal by a plaintiff. Rule 41(a)(1)(A) addresses dismissal without a court order and 41(a)(2) addresses dismissal by way of a court order. Rule 41(a)(1)(A)(I) provides for dismissal before an answer or dispositive motion which is not applicable and Rule 41(a)(1)(A)(ii) provides for voluntary dismissal by stipulation signed by all parties who have appeared. Because all parties to the action did not sign the joint stipulation, dismissal of TransUnion was not effective when the stipulation was filed. See Negron v. City of Miami Beach, Florida,113 F.3d 1563, 1571 (11th Cir. 1997) ("[Fed. R. Civ. P. Rule 41(a)(1)(A)(ii)] is clearly stated: a voluntary dismissal by stipulation is applicable only if all the parties sign off on it.") (underlining added). The joint stipulation for dismissal falls under Rule 41(a)(2) which provides for voluntary dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. Rule 41(a)(2). Treating the joint stipulation as plaintiff Pettway's motion for voluntary dismissal under Rule 41(a)(2),[2] the Court entered the order allowing an objection period.

Pettway now seeks to withdraw her stipulation for dismissal, i.e., her motion for

---

[2] "Rule 41(a)(2) provides the other avenue for a voluntary dismissal. It states: [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. Fed.R.Civ.P. 41(a)(2). If Diaz's motion to dismiss is considered as a Rule 41(a)(2) motion, it requires leave of the court and is subject to the court's discretion." Negron v. City of Miami Beach, Florida,113 F.3d 1563, 1571 (11th Cir. 1997) (quoting the version of Rule 41(a)(2) effective in 1997).

voluntary dismissal, on basis that the copy of the signed settlement agreement which she was given did not read the same as the document she signed. TransUnion responds that Pettway identified an immaterial discrepancy between a draft of the settlement agreement and the agreement she ultimately reviewed and signed. TransUnion also states that after being offered a revised version of the settlement agreement for signature Pettway began to negotiate for other settlement terms. Because Pettway as the plaintiff seeks to withdraw her voluntary dismissal of this action against TransUnion, the Court finds that allowing the withdrawal is appropriate in this circumstance. Thus, this action shall proceed as to defendant TransUnion.

The underlying settlement agreement was not made a part of a court order. Therefore, this Court does not have jurisdiction to enforce the agreement. See Arista Records LLC v. DeLoach, 2007 WL 1202296, 1 (M.D. Ga., April 23, 2007) ("Moreover, because a dismissal by stipulation necessarily bypasses the court, a dismissal by stipulation does not act as an agreement between the parties and the court and cannot automatically confer jurisdiction on the court to resolve later disputes.") (citing Kokkoken v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673 (1994). Thus, the motion for enforcement of settlement agreement is **DISMISSED** for lack of jurisdiction.

**DONE and ORDERED** this 24th day of November, 2009.

                      s/ Kristi K. DuBose
                      **KRISTI K. DuBOSE**
                      **UNITED STATES DISTRICT JUDGE**